# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**GAYLORD STEVENS,**

    Plaintiff,

v.                                           **Case No. CIV-16-531-RAW**

**MUSKOGEE, OKLAHOMA ANIMAL
CONTROL, et al.,**

    Defendants.

## **ORDER**

Before the court is the motion of James Cowart ("Cowart") to dismiss. Plaintiff, appearing *pro se*, alleges multiple claims pursuant to 42 U.S.C. §1983 against multiple defendants. Plaintiff was convicted in Texas state court for possession of child pornography, and those convictions were recently affirmed. *Stevens v. State,* 2017 WL 411382 (Tex.App. - Tyler 2017). Initially, plaintiff was arrested for cruelty to animals, and six horses that were determined to be in poor condition were moved "to another location for treatment." *Id.* at *1.

Defendant Cowart is a Justice of the Peace in Smith County, Texas. In Claim Twenty-Eight of the complaint, plaintiff alleges that Cowart's granting of a continuance of a hearing to determine ownership of the horses violated plaintiff's constitutional rights. In Claim Thirty-One of the complaint, plaintiff alleges that Cowart's order transferring the horses to the City of Lindale, Texas, violated plaintiff's constitutional rights. In Claim Thirty-Four of the complaint, plaintiff alleges that Cowart was part of a conspiracy to falsely arrest plaintiff

and to steal his horses.[1]

First, defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) F.R.Cv.P. Plaintiff bears the burden of establishing personal jurisdiction over a defendant, but in the preliminary stages of litigation this burden is "light." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir.2000). Where, as here, there has been no evidentiary hearing, and the issue is decided on the basis of written materials, the plaintiff need only make a prima facie showing that jurisdiction exists. *Id.* All factual disputes must be resolved in plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. *Id.* Only the well-pled facts of plaintiff's complaint, however, as distinguished from mere conclusory allegations, must be accepted as true. *Id.*

Personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. Oklahoma's long-arm statute [12 O.S. §2004(F)] permits the exercise of any jurisdiction that is consistent with the United States Constitution. Therefore, the personal jurisdiction inquiry under Oklahoma law collapses into the single

---

[1] Defendant Cowart relies on *Heck v. Humphrey,* 512 U.S. 477 (1994) and the *Rooker-Feldman* doctrine, both of which can in some circumstances bar review of a state court conviction. *See Erlandson v. Northglenn Municipal Court,* 528 F.3d 785 n.2 (10th Cir.2008). The court declines to rely on these decisions, because plaintiff does not appear to challenge his pornography convictions. Rather, he challenges (and seeks damages regarding) the apparent forfeiture of his horses in relation to the animal cruelty charge. The record is insufficiently clear as to this aspect of the state court proceedings.

due process inquiry. *Monge v. RG Petro-Machinery (Group) Co. Ltd.,* 701 F.3d 598, 613 (10th Cir.2012).

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum state. *Id.* Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant had with the forum state, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. *United States v. Botefuhr,* 309 F.3d 1263, 1271-72 (10th Cir.2002).

A state may exercise specific jurisdiction over a nonresident defendant where the defendant purposefully directed its activities at the forum state's residents and the plaintiff's cause of action arises out of those activities. *See Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir.2011).

If the defendant has minimum contacts with the forum state, the court must still determine whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1161 (10th Cir.2010). At that point, the defendant bears the burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Marcus Food Co. v. DiPanfilo,* 671 F.3d 1159, 1167 (10th Cir.2011). The factors to be considered are (1) the burden on the defendant, (2) the forum state's interests in resolving

the dispute, (3) the plaintiff's interest in receiving convenient and effectual relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states or foreign nations in furthering fundamental social policies. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.,* 514 F.3d 1063, 1080 (10th Cir.2008).

The court finds plaintiff has failed to establish a prima facie case of personal jurisdiction as to defendant Cowart. No showing has been made of sufficient contacts by the defendant with Oklahoma to exercise either specific or general jurisdiction. The conduct complained of all took place in Smith County, Texas, and no other contacts of defendant with the State of Oklahoma have been demonstrated. Plaintiff's *pro se* complaint is to be liberally construed but *pro se* status does not relieve plaintiff from the burden of establishing jurisdiction. *Robles v. State Farm Ins.,* 509 Fed.Appx. 748, **2 (10th Cir.2013). Dismissal is appropriate.

Defendant next argues that he is immune from this lawsuit. The court agrees. A Justice of the Peace is protected from liability by absolute judicial immunity. *See Filarsky v. Delia,* 132 S.Ct. 1657, 1664-65 (2012). Again, the complaint focuses on conduct in relation to the defendant's duties as a judicial officer. Plaintiff's allegations of a conspiracy are not sufficient to overcome immunity. *See Dennis v. Sparks,* 449 U.S. 24, 28 (1980).

Finally, defendant contends that the statute of limitations bars plaintiff's claims. The court agrees with this position also. Claims under §1983 are subject to Oklahoma's two-year

statute of limitations for actions "for injury to the rights of another." *See Kripp v. Luton,* 466 F.3d 1171, 1174-75 (10th Cir.2006).[2] Defendant's conduct as alleged in the complaint appears to have taken place between January 3, 2014 and January 16, 2014. This action was filed December 6, 2016, outside the statute of limitations period. Dismissal is granted on this alternative ground as well.

It is the order of the court that the motion to dismiss (#88) is hereby granted. James Cowart is dismissed as a party defendant.

**IT IS SO ORDERED** this 18th day of AUGUST, 2017.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**

---

[2] In his response (#104), plaintiff cites other federal statutes. Plaintiff may not amend the complaint via assertions made in response to a motion to dismiss. *Young v. Dollar Tree Stores, Inc.,* 2012 WL 3704994 at *3 (D.Colo.2012).