# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

GAYLORD STEVENS,

    Plaintiff,

v.                                    Case No. CIV-16-531-RAW

MUSKOGEE, OKLAHOMA ANIMAL
CONTROL, et al.,

    Defendants.

## ORDER

Before the court is the motion of James Moore, City of Muskogee Animal Control Officer and Roy Tucker, Muskogee City Manager, to dismiss.[1] Plaintiff, appearing *pro se*, alleges multiple claims pursuant to 42 U.S.C. §1983 against multiple defendants. Plaintiff was convicted in Texas state court for possession of child pornography, and those convictions were recently affirmed. *Stevens v. State,* 2017 WL 411382 (Tex.App. - Tyler 2017). Initially, plaintiff was arrested for cruelty to animals, and six horses that were determined to be in poor condition were moved "to another location for treatment." *Id.* at *1.

As best the court can determine, plaintiff appears to be suing the movants over a different group of horses. Plaintiff alleges that his horses were illegally seized in the

---

[1] The complaint simply refers to "Animal Control Officer," but movants have provided the name James Moore (#76 n.1). The complaint identifies Roy Tucker as City Manager and Mayor pro tem. Movants state Tucker was the City Attorney and Interim City Manager for the City of Muskogee (#76 n.2).

Muskogee, Oklahoma area on November 27, 2013. His horses were returned to him on December 10, 2013.

Movants contend that the statute of limitations bars plaintiff's claims. The court agrees. Claims under §1983 are subject to Oklahoma's two-year statute of limitations for actions "for injury to the rights of another." *See Kripp v. Luton,* 466 F.3d 1171, 1174-75 (10th Cir.2006).[2] This action was filed December 6, 2016, outside the statute of limitations period. Dismissal is appropriate.

It is the order of the court that the motion to dismiss (#76) is hereby granted. James Moore and Roy Tucker are dismissed as party defendants.

**IT IS SO ORDERED** this 18th day of AUGUST, 2017.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2]In his response (#99), plaintiff cites other federal statutes. Plaintiff may not amend the complaint via assertions made in response to a motion to dismiss. *Young v. Dollar Tree Stores, Inc.,* 2012 WL 3704994 at *3 (D.Colo.2012).